IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV235-1-MU

| | |
|---|---|
| ARTHUR JAY GOULETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SARGENT WARREN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed May 30, 2006.

In his Complaint, Plaintiff alleges that Defendant Warren used excessive force against him in violation of his federal constitutional rights. Plaintiff seeks as a remedy to have Defendant Warren fired from his job and arrested; twenty-five thousand dollars in cash; and to be granted an early release from prison.[1]

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title,or any other Federal law, by a prisoner confined in any jail, prison, or other

---

[1] The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail.

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

The North Carolina Department of Corrections (DOC) has an Administrative Remedy Procedure which governs the filing of grievances in each of its correctional facilities. The DOC's Administrative Remedy Procedure provides that "any aggrieved inmate may submit a written grievance . . . ." DOC ARP § .0310(a)(1). If the inmate is not satisfied with the decision reached at the above-described Step One of the grievance process, he or she may request relief from the Facility Superintendent. DOC ARP § .0310(b)(1). If the inmate is not satisfied with the decision reached at the above-described Step Two of the grievance process, he or she may appeal to the Secretary of Correction through the Inmate Grievance Examiner (IGE). DOC ARP § .0310(c)(1). The decision by the IGE or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. DOC ARP § .0310(c)(6).

In his Complaint, Plaintiff asserts that the incident at issue occurred on April 26, 2006. He signed his Complaint on May 24, 2006. The close temporal time between the incident and the filing of Plaintiff's Complaint leads this Court to conclude that Plaintiff has not exhausted his administrative remedies. This conclusion is supported by the fact that, despite being told to do so, Plaintiff failed to attach copies of his grievance results to his Complaint.

Plaintiff should note that this dismissal is without prejudice and he may choose to exhaust his administrative remedies and then refile his Complaint as a new case. However, if Plaintiff did in fact exhaust his administrative remedies prior to May 24, 2006, he may file a motion to reconsider in this case with copies of all of his grievance results attached.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

Signed: June 1, 2006

Graham C. Mullen
United States District Judge